**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4680

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAYTON N. GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:05-cr-00088-AMD)

Submitted: December 10, 2007      Decided: December 28, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, William Joshua Morrow, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Payton N. Green appeals his conviction and sentence for conspiracy to possess heroin with the intent to distribute, in violation of 21 U.S.C. § 846 (2000). Green argues the district court erred in denying his motion to suppress by finding the application established probable cause and showed that other investigation procedures had been tried and failed, would be unlikely to succeed, or would be too dangerous; in basing the denial of the motion on additional affidavits provided by the Government; by considering the additional affidavits without first conducting a Franks[1] hearing; and because the affidavits do not establish that the issuing judge knew Terry Page was willing to cooperate with the investigation. For the following reasons, we affirm.

When reviewing a district court's ruling on a motion to suppress, this court reviews underlying factual findings for clear error and legal conclusions de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). Before authorizing a wiretap, an issuing judge must find probable cause and that "'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" United States v. Oriakhi, 57 F.3d 1290, 1298 (4th Cir. 1995) (quoting 18 U.S.C. § 2518(3)(c)); see also Md. Code

_____

[1]Franks v. Delaware, 438 U.S. 154 (1978).

- 2 -

Ann., Cts. & Jud. Proc. § 10-408(a) (2006). A wiretap order should not be granted "'where traditional techniques could have led to successful infiltration of the entire enterprise.'" Allen v. State, 597 A.2d 489, 493 (Md. App. 1991) (quoting United States v. Simpson, 813 F.2d 1462, 1472-73 (9th Cir. 1987)).

Green contends the warrant application did not show probable cause to wiretap his phone line. However, the eighty-nine-page application detailed Green's involvement in dealing heroin and his use of his phone to conduct his illicit business. Our review of the application persuades us that it amply supported the finding of probable cause to issue the wiretap order.

Green next argues the application did not show that normal investigative procedures had failed, appeared unlikely to succeed if tried, or were too dangerous. Appellate courts review the determination of necessity with great deference. See Wilson, 484 F.3d at 280; Cantine v. State, 864 A.2d 226, 232 (Md. App. 2004). The application in support of the wiretap order was sworn to by a Baltimore police officer and two agents for the Drug Enforcement Administration, with nine years of cumulative experience investigating narcotics activities. The application detailed how investigators had utilized informants, search warrants, surveillance, criminal histories, dialed number recorders, and toll record analysis, and had obtained all the information likely to be gained by these techniques.

In addition, further use of search warrants would likely have alerted Green to the investigation. The affiants explained why use of undercover agents, cloned pagers, the global positioning system, pole cameras, and trash searches were unlikely to uncover useful information. The affiants further noted they chose not to impanel a grand jury because they doubted Green would testify truthfully or willingly incriminate himself. The investigators exhaustively detailed specific factual information demonstrating the difficulties of continuing to gather evidence without a wiretap. We accordingly find no basis to reject the district court's conclusion that the application sufficiently demonstrated the need for the wiretap.

Green next contends the district court erred by considering additional affidavits presented by the Government in denying the motion to suppress. At the hearing on the motion, Green alleged that the second informant referred to in the application for the wiretap was Terry Page, a member of Green's organization. He accordingly argued that the affiants lied when they stated they had not found anyone from Green's organization willing to cooperate. The Government responded with affidavits describing that at the time of the application, the affiants informed the issuing state court judge that the second informant was Terry Page, but they had worded the application indicating otherwise in order to protect Page's identity. The district court

reviewed the affidavits and found that the issuing judge was not materially misled as to the circumstances surrounding the warrant application.

An application for authorization for a wiretap "shall be made in writing upon oath or affirmation" and shall provide "[a] full and complete statement of the facts and circumstances relied upon by the applicant." Md. Code Ann., Cts. & Jud. Proc. § 10-408(a). In reviewing the probable cause finding, courts are ordinarily restricted to "the information provided in the warrant and its accompanying application documents." Greenstreet v. State, 898 A.2d 961, 971 (Md. 2006). An exception to this general rule pertains when the defendant has shown that the affiants seeking the warrant provided deliberately false material evidence or held a reckless disregard for the truth, thus meriting a Franks hearing. Greenstreet, 898 A.2d at 971.

The district court specifically stated it considered the Government's affidavits solely in order to determine whether the investigators misrepresented the truth to the issuing judge, and not in determining whether the application sufficiently demonstrated probable cause. Therefore, the district court did not err in considering the affidavits in denying the motion to suppress.

Green also argues the district court erred by ruling on the motion without first conducting a Franks hearing, thus

- 5 -

depriving Green of the opportunity to contest the additional facts presented in the affidavits. However, Green never requested a Franks hearing or attempted to introduce additional evidence regarding the affidavits. "Absent plain or fundamental error, we need not consider on appeal legal points which were available to the appellant but not presented for the district court's consideration." United States v. Seidlitz, 589 F.2d 152, 160 (4th Cir. 1978). Green has not alleged plain or fundamental error, nor does the record reflect that such error occurred.

Finally, Green argues the Government's additional affidavits failed to establish the necessity of a wiretap order because they did not establish that the issuing judge knew that Terry Page was willing to cooperate with investigators. We conclude that this claim does not entitle Green to relief as we discern no persuasive basis to conclude that Page would or could have provided further cooperation. Indeed, the affidavit of the state's attorney demonstrates that although Page provided useful information, he could not provide additional evidence or infiltrate Green's organization as he had been incarcerated for two months, unable to make bail, when the wiretap application was prepared, and he did not have legal counsel to assist in the negotiation of a cooperation agreement.

For these reasons, the district court did not err in denying Green's motion to suppress. Accordingly, we affirm the

conviction and sentence.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]We also grant the unopposed motion to withdraw as counsel for Green filed by the law firm formerly known as Schulman, Treem, Kaminkow, Gilden & Ravenell, P.A., and retaining as Green's counsel Kenneth W. Ravenell.